Case 6:26-cv-01041-MC    Document 1-1    Filed 05/26/26    Page 1 of 13

*Donahue v. Oregon State Bar et al. Case no: TBD*

FILED 26 MAY '26 11:24 USDC-ORE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

BLEU BLAZE DONAHUE, Plaintiff, pro se,

v.

CAMERON MILES, individually and as Legal Counsel to Governor Tina Kotek; *Oregon DoJ*
LINDA L. KRUSCHKE, individually and as Assistant General Counsel of the Oregon State Bar;
NIK CHOUREY, individually and as Deputy General Counsel of the Oregon State Bar;
THOMAS JOHNSON, individually and as Deputy District Attorney for Douglas County;
RICHARD (rick) L. WESENBERG, individually and as District Attorney for Douglas County;
JODEE JACKSON, individually and as Deputy District Attorney for Douglas County;
DOUGLAS COUNTY, OREGON;
TINA KOTEK, individually and as Governor of the State of Oregon;
OREGON DEPARTMENT OF JUSTICE;
OREGON STATE BAR;
ANDREW JOHNSON, individually and as court-appointed counsel;
STEVE H. HODDLE, individually and as Circuit Court Judge for Douglas County;
DARREN J. HOSCHOUER, individually and as Probation Officer for Douglas County;
KEVIN TAGGART, individually and as Officer for Myrtle Creek Police Department;
MYRTLE CREEK POLICE DEPARTMENT;
DOUGLAS COUNTY SHERIFF'S DEPARTMENT;
DOUGLAS COUNTY CIRCUIT COURT;
DOUGLAS COUNTY JAIL;
STATE OF OREGON;
ANN L. AIKEN, individually and as United States District Judge for the District of Oregon;
Donald J. Trump
FEDERAL BUREAU OF INVESTIGATION (FBI)
KASH PATEL, individually and as Director of the Federal Bureau of Investigation;
FEDERAL BUREAU OF INVESTIGATION (FBI);
WILLIAM MCLAREN, individually and as Assistant United States Attorney for the District of Oregon;
AND ANY AND ALL OTHER RICO PARTIES, named and unnamed;
DOES 1-1000;
and ALL PAST, PRESENT, AND FUTURE CO-CONSPIRATORS,

Defendants.

COMPLAINT ATTACHMENT FOR DONAHUE v. OREGON STATE BAR et al.

*While Plaintiff was incarcerated from August 6, 2025, to October 28, 2025, he sent multiple communications to Defendant Aiken from jail, informing her that he had been arrested in retaliation for filing the very RICO complaint pending before her. Despite actual knowledge of the retaliatory arrest, Defendant Aiken dismissed the complaint with prejudice on September 5, 2025, without allowing Plaintiff to respond or amend from his jail cell.*

Case No.: [to be assigned]
JURY TRIAL: ☒ Yes   ☐ No

COMPLAINT FOR A CIVIL CASE
(18 U.S.C. § 1962(c) & (d) – CIVIL RICO;
42 U.S.C. § 1983 – DEPRIVATION OF RIGHTS;
42 U.S.C. § 1985(3) – CONSPIRACY)

I. THE PARTIES TO THIS COMPLAINT

A. The Plaintiff(s)

Name: Bleu Blaze Donahue
Street Address: 834 Monroe Street
City and County: Eugene, Lane County
State and Zip Code: Oregon 97402
Telephone Number: 541-321-5786
E-mail Address: donahuebleu47@gmail.com

B. The Defendant(s)

STATE ACTORS

Defendant No. 1 – Cameron Miles
Job or Title: Legal Counsel to Governor Tina Kotek
Address: Office of the Governor, 900 Court St NE, Salem, OR 97301

Defendant No. 2 – Linda L. Kruschke
Job or Title: Assistant General Counsel, Oregon State Bar
Address: 16037 SW Upper Boones Ferry Road, Tigard, OR 97281

Defendant No. 3 – Nik Chourey
Job or Title: Deputy General Counsel, Oregon State Bar

COMPLAINT ATTACHMENT FOR DONAHUE v. OREGON STATE BAR et al.

Case 6:26-cv-01041-MC    Document 1-1    Filed 05/26/26    Page 3 of 13

*Donahue v. Oregon State Bar et al. Case no: TBD*

Address: 16037 SW Upper Boones Ferry Road, Tigard, OR 97281

Defendant No. 4 – Thomas Johnson
Job or Title: Deputy District Attorney, Douglas County
Address: Douglas County Courthouse, 1036 SE Douglas Ave, Room 204, Roseburg, OR 97470

Defendant No. 5 – Richard L. Wesenberg
Job or Title: District Attorney, Douglas County
Address: Douglas County Courthouse, 1036 SE Douglas Ave, Room 222, Roseburg, OR 97470

Defendant No. 6 – Jodee Jackson
Job or Title: Deputy District Attorney, Douglas County
Address: Douglas County Courthouse, 1036 SE Douglas Ave, Roseburg, OR 97470

Defendant No. 7 – Douglas County, Oregon
Job or Title: Municipal Corporation
Address: Douglas County Courthouse, 1036 SE Douglas Ave, Roseburg, OR 97470

Defendant No. 8 – Tina Kotek
Job or Title: Governor of the State of Oregon
Address: Office of the Governor, 900 Court St NE, Suite 254, Salem, OR 97301

Defendant No. 9 – Oregon Department of Justice
Job or Title: State Agency
Address: 1162 Court St NE, Salem, OR 97301

Defendant No. 10 – Oregon State Bar
Job or Title: Regulatory Agency
Address: 16037 SW Upper Boones Ferry Road, Tigard, OR 97281

Defendant No. 11 – Andrew Johnson
Job or Title: Court-appointed counsel (former traffic judge)
Address: 840 SE Rose St #1, Roseburg, OR 97470

Defendant No. 12 – Steve H. Hoddle
Job or Title: Circuit Court Judge, Douglas County
Address: Douglas County Circuit Court, 1036 SE Douglas Ave, Roseburg, OR 97470

Defendant No. 13 – Darren J. Hoschouer

COMPLAINT ATTACHMENT FOR DONAHUE v. OREGON STATE BAR et al.

***Donahue v. Oregon State Bar et al. Case no: TBD***

Job or Title: Probation Officer, Douglas County
Address: Douglas County Probation Department, 1036 SE Douglas Ave, Roseburg, OR 97470

Defendant No. 14 – Kevin Taggart
Job or Title: Officer, Myrtle Creek Police Department
Address: 207 NW Pleasant St, Myrtle Creek, OR 97457

Defendant No. 15 – Myrtle Creek Police Department
Job or Title: Municipal Police Department
Address: 207 NW Pleasant St, Myrtle Creek, OR 97457

Defendant No. 16 – Douglas County Sheriff's Department
Job or Title: County Law Enforcement Agency
Address: 1036 SE Douglas Ave, Roseburg, OR 97470

Defendant No. 17 – Douglas County Circuit Court
Job or Title: State Court
Address: 1036 SE Douglas Ave, Roseburg, OR 97470

Defendant No. 18 – Douglas County Jail
Job or Title: County Detention Facility
Address: 1036 SE Douglas Ave, Roseburg, OR 97470

Defendant No. 19 – State of Oregon
Job or Title: State Government
Address: 900 Court St NE, Salem, OR 97301

FEDERAL ACTORS (Complicit in Kidnapping and Concealment)

Defendant No. 20 – Ann L. Aiken
Job or Title: United States District Judge for the District of Oregon
Address: Wayne Morse Federal Courthouse, 405 East 8th Avenue, Eugene, OR 97401

Defendant No. 21 – Kash Patel
Job or Title: Director of the Federal Bureau of Investigation
Address: J. Edgar Hoover Building, 935 Pennsylvania Avenue NW, Washington, DC 20535

Defendant No. 22 – Federal Bureau of Investigation (FBI)
Job or Title: Federal Agency

COMPLAINT ATTACHMENT FOR DONAHUE v. OREGON STATE BAR et al.

Address: 935 Pennsylvania Avenue NW, Washington, DC 20535

Defendant No. 23 – William McLaren
Job or Title: Assistant United States Attorney for the District of Oregon
Address: Wayne Morse Federal Courthouse, 405 East 8th Avenue, Eugene, OR 97401

RICO ENTERPRISE PARTIES

Defendant No. 24 – AND ANY AND ALL OTHER RICO PARTIES, named and unnamed
Defendant No. 25 – DOES 1-1000
Defendant No. 26 – ALL PAST, PRESENT, AND FUTURE CO-CONSPIRATORS

II. BASIS FOR JURISDICTION

☒ Federal question

This action arises under:
- 18 U.S.C. § 1962(c) and (d) – Civil RICO
- 42 U.S.C. § 1983 – Deprivation of rights under color of law
- 42 U.S.C. § 1985(3) – Conspiracy to deprive civil rights
- First, Fifth, and Fourteenth Amendments

## III. STATEMENT OF CLAIM

A. The Enterprise (18 U.S.C. § 1961(4))

1. At all relevant times, Defendants operated as an "enterprise" as defined by 18 U.S.C. § 1961(4) – a group of individuals and entities associated in fact, acting under color of law, with a common purpose of retaliating against Plaintiff, concealing misconduct, obstructing justice, and depriving Plaintiff of his constitutional rights.

2. The enterprise included state actors (Oregon State Bar, Douglas County DA's office, Douglas County, Governor's Office, Douglas County law enforcement and courts) and federal actors who knowingly participated in or turned a blind eye to the kidnapping (Judge Aiken, FBI Director Patel, the FBI, AUSA McLaren).

B. Pattern of Racketeering Activity (18 U.S.C. § 1961(5))

3. Defendants committed multiple predicate acts under 18 U.S.C. § 1961(1), including wire fraud (18 U.S.C. § 1343), obstruction of justice (18 U.S.C. § 1503), deprivation of rights under color of law (18 U.S.C. § 242), and witness tampering (18 U.S.C. § 1512).

COMPLAINT ATTACHMENT FOR DONAHUE v. OREGON STATE BAR et al.

*Donahue v. Oregon State Bar et al. Case no: TBD*

C. Predicate Act One – OSB Wire Fraud and Recharacterization (June 23, 2025)

4. On June 16, 2025, Plaintiff filed a complaint with the Oregon State Bar against Head DA Richard Wesenberg, alleging entrapment, denial of counsel, grand jury fraud, and the state agent's use of sexually explicit bait including "don't shred my pussy" and "I wish you could kidnap me."

5. On June 23, 2025, at 8:09 AM, Defendant Kruschke responded via email (wire communication). She fraudulently recharacterized Plaintiff's complaint – changing Wesenberg to Thomas Johnson – without notifying Plaintiff.

6. Kruschke then dismissed the complaint, stating: "We find insufficient evidence to support a reasonable belief that Mr. Johnson may have violated his duties." She never requested chat logs, never investigated entrapment, and never acknowledged "don't shred my pussy."

7. Kruschke wrote that prosecutors may (a) "consider the quantity of the State's evidence without regard to possible defenses"; (b) "rely on inadmissible evidence such as hearsay and the results of unconstitutional searches"; and (c) avoid evaluating witness credibility.

8. These three statements are knowingly false misrepresentations of federal law, contradicting Brady v. Maryland, 373 U.S. 83 (1963); Mapp v. Ohio, 367 U.S. 643 (1961); and Napue v. Illinois, 360 U.S. 264 (1959).

9. Kruschke BCC'd Defendant Thomas Johnson on her email – concealing her coordination with the prosecutor from Plaintiff. This concealment is wire fraud (18 U.S.C. § 1343) and obstruction of justice (18 U.S.C. § 1503).

D. Predicate Act Two – OSB Continued Concealment (July – December 2025)

10. On July 9, 2025, Kruschke sent Thomas Johnson Plaintiff's further correspondence, inviting his input, and again BCC'd him.

11. On August 4, 2025, Kruschke closed the file and BCC'd Johnson a third time.

12. On December 11, 2025, Defendant Chourey affirmed the dismissal, adopted Kruschke's fraudulent reasoning without independent analysis, BCC'd Johnson again, and warned Plaintiff: "I may not respond to further communications."

COMPLAINT ATTACHMENT FOR DONAHUE v. OREGON STATE BAR et al.

*Donahue v. Oregon State Bar et al. Case no: TBD*

13. The OSB never investigated Head DA Wesenberg. The OSB acted as counsel to the prosecutors, not as an independent disciplinary body. The OSB's June 23, 2025 letter functioned as a written license for prosecutorial misconduct.

E. Predicate Act Three – Governor's Office Retaliation (December 2025)

14. From June through December 2025, Plaintiff sent extensive RICO allegations to Governor Kotek's office.

15. In December 2025, Defendant Cameron Miles – Governor Kotek's legal counsel – compiled Plaintiff's emails into a 242-page PDF, organized and numbered them, and transmitted the PDF to Plaintiff.

16. Miles did not include any denial of Plaintiff's allegations. Did not refer the matter to law enforcement. Did not initiate any investigation. The 242-page PDF was a retaliatory act designed to overwhelm and silence a whistleblower.

F. Predicate Act Four – Judge Aiken's Dismissal of RICO Case While Plaintiff Was in Jail (September 5, 2025)

17. On July 7, 2025, Plaintiff filed Donahue v. State of Oregon (1:25-cv-01174), a federal civil RICO complaint against Governor Kotek and state actors.

18. On August 6, 2025, Plaintiff was arrested on a fabricated warrant and incarcerated.

19. While Plaintiff was in jail – unable to file papers, unable to appear, unable to respond – Defendant Ann L. Aiken received Plaintiff's RICO complaint and all related filings.

20. On September 5, 2025, Judge Aiken dismissed the RICO complaint with prejudice, citing Younger abstention.

21. Judge Aiken knew Plaintiff was in jail for suing the same state actors named in the RICO complaint. She knew the arrest was retaliatory. She dismissed the case anyway, without allowing Plaintiff to respond or amend from jail.

22. Judge Aiken's dismissal deprived Plaintiff of his right to access the courts and directly enabled the state enterprise to continue its retaliatory prosecution.

G. Predicate Act Five – FBI Obstruction and Willful Blindness (June 2025 – Present)

COMPLAINT ATTACHMENT FOR DONAHUE v. OREGON STATE BAR et al.

*Donahue v. Oregon State Bar et al. Case no: TBD*

23. Beginning in June 2025, Plaintiff contacted the FBI multiple times to report the racketeering enterprise and request protection.

24. One FBI agent told Plaintiff: "I can't take reports." Another agent told Plaintiff: "we don't do witness protection."

25. When Plaintiff told an agent "you're going to lose your job" for refusing to take a report, the agent made an excited utterance: "I'M GOING TO LOSE MY JOB!" then hung up. This excited utterance is admissible evidence of knowledge of wrongdoing.

26. On April 8, 2026, Plaintiff spoke to an FBI agent and stated: "you know as well as I know that Kash Patel abused the FBI to conceal/participate in the RICO schemes alleged in Donahue v. Oregon." The agent took a report and confirmed that a record of the call exists.

27. Despite actual knowledge of the conspiracy, the FBI took no action to protect Plaintiff or investigate the enterprise. Defendant Kash Patel, as FBI Director, is responsible for this willful blindness.

28. AUSA William McLaren ignored repeated requests to meet with Plaintiff and take testimony about federal felonies occurring inside the Wayne Morse Courthouse. His silence constitutes obstruction and participation in the enterprise.

H. Predicate Act Six – Retaliatory Arrest and 82 Days of False Imprisonment (August – October 2025)

29. On August 6, 2025 – less than one month after Plaintiff filed his federal RICO complaint – Plaintiff was arrested on a fabricated Failure to Appear warrant.

30. The FTA warrant was fraudulent. Plaintiff had appeared in court on February 3, 2025. His signature is on the court record. Defendants Thomas Johnson, Jodee Jackson, and other Douglas County actors withheld this exculpatory evidence from the grand jury.

31. No legitimate probable cause supported the arrest. The arrest was retaliatory – occurring immediately after Plaintiff sued Governor Kotek.

32. Plaintiff was held in state custody for 82 days – from August 6, 2025, to October 28, 2025 – based on a fabricated warrant.

COMPLAINT ATTACHMENT FOR DONAHUE v. OREGON STATE BAR et al.

Case 6:26-cv-01041-MC    Document 1-1    Filed 05/26/26    Page 9 of 13

*Donahue v. Oregon State Bar et al. Case no: TBD*

33. Defendants Douglas County, Thomas Johnson, Richard Wesenberg, Jodee Jackson, Douglas County Jail, and DOES 1-1000 are jointly liable for the 82 days of false imprisonment.

## I. Predicate Act Seven – Coerced Plea (October 28, 2025)

34. On October 28, 2025, Plaintiff was coerced into a guilty plea under threat of 15–24 years in prison.

35. The prosecutor and court signaled they would accept a nolo contendere plea. Defendant Andrew Johnson – Plaintiff's court-appointed counsel – interrupted and blocked the nolo plea on the record.

36. Defendant Steve H. Hoddle presided over the plea hearing. He heard direct evidence that the FTA warrant was non-factual and that Plaintiff's signature proved his presence. He did nothing.

37. Defendant Kevin Taggart fabricated the probable cause affidavit that led to the charges. Taggart stole Plaintiff's own boundary statement ("because of your age we cannot talk sexually") and reversed it to make Plaintiff appear to be the predator.

38. The Myrtle Creek Police Department and Douglas County Sheriff's Department ratified Taggart's conduct by failing to discipline him.

39. Plaintiff's plea was not voluntary. It was coerced under threat of decades in prison.

J. Predicate Act Eight – Retaliatory Warrant and Threats (January 2026)

40. On January 12, 2026, Plaintiff resumed federal litigation by filing a notice of change of address in his RICO case.

41. On January 13, 2026 – less than 24 hours later – Defendant Darren J. Hoschouer left a voicemail threatening to request a warrant for Plaintiff's arrest.

42. On January 23, 2026, Plaintiff filed a §1983 case against Hoschouer.

43. On January 27, 2026 – one day after a federal magistrate judge was assigned – Hoschouer requested a warrant.

44. On January 29, 2026, Defendant Steve H. Hoddle issued the warrant.

COMPLAINT ATTACHMENT FOR DONAHUE v. OREGON STATE BAR et al.

K. The Pattern – How All Defendants Acted in Concert

45. The OSB's fraudulent June 23, 2025 letter gave Douglas County prosecutors written permission to violate Plaintiff's constitutional rights.

46. Judge Aiken dismissed Plaintiff's RICO case while he was in jail, knowing the arrest was retaliatory.

47. The FBI and Director Patel refused to investigate or protect Plaintiff, despite actual knowledge of the conspiracy.

48. AUSA McLaren ignored Plaintiff's requests to testify about federal felonies.

49. The Douglas County DA's office (Wesenberg, T. Johnson, Jackson) obtained a fabricated warrant and withheld exculpatory evidence.

50. Governor Kotek's office (Miles) compiled and sent the 242-page PDF, documenting receipt of RICO allegations and taking no action.

51. Officer Taggart, the Myrtle Creek Police Department, and the Douglas County Sheriff's Department fabricated probable cause.

52. Judge Hoddle issued the retaliatory warrant and presided over the coerced plea.

53. Probation Officer Hoschouer threatened arrest within 24 hours of Plaintiff resuming federal litigation.

54. The State of Oregon, Oregon DOJ, and Douglas County are vicariously liable for the acts of their agents.

## IV. RELIEF

### A. Continuing Wrongs

The wrongs alleged are continuing because:
- The coerced guilty plea remains on Plaintiff's record.
- The OSB's fraudulent dismissal remains in effect as a written license for prosecutorial misconduct.
- The 242-page PDF remains in Defendants' records as evidence of the Governor's office's complicity.
- The retaliatory warrants remain active.

COMPLAINT ATTACHMENT FOR DONAHUE v. OREGON STATE BAR et al.

- Plaintiff continues to suffer reputational harm, emotional distress, unemployment, and housing instability.
- The conspiracy continues to operate through the coordinated actions of the OSB, the Douglas County DA's office, the Governor's office, and federal actors who refuse to act.

## B. Compensatory Damages (Baseline)

Plaintiff requests compensatory damages against all Defendants, jointly and severally, in the baseline amount of $300,000,000,000 (three hundred billion dollars), representing:

- 82 days of false imprisonment: $50,000,000,000
- Coerced guilty plea and destruction of liberty: $50,000,000,000
- OSB fraud and written license to violate constitutional rights: $50,000,000,000
- FBI willful blindness and obstruction (Patel, FBI, McLaren): $50,000,000,000
- Judge Aiken's dismissal of RICO case while Plaintiff was in jail: $30,000,000,000
- Governor's office retaliation (Miles' 242-page PDF): $20,000,000,000
- Fabricated probable cause (Taggart, MCPD, DCSO): $20,000,000,000
- Retaliatory warrants (Hoddle, Hoschouer): $15,000,000,000
- Emotional distress, reputational harm, loss of OMB career, grandfather's death: $15,000,000,000

## C. Treble Damages Under RICO (18 U.S.C. § 1964(c))

Pursuant to 18 U.S.C. § 1964(c), Plaintiff requests that the baseline damages of $300,000,000,000 (three hundred billion dollars) be trebled, resulting in a total compensatory damages award of $900,000,000,000 (nine hundred billion dollars).

## D. Punitive Damages

Plaintiff requests punitive damages against the following Defendants for willful, malicious, and bad-faith conduct, with conscious disregard for Plaintiff's constitutional rights:

| Defendant | Punitive Damages |
|-----------|------------------|
| Linda L. Kruschke | $10,000,000,000 |
| Nik Chourey | $10,000,000,000 |
| Oregon State Bar | $20,000,000,000 |
| Thomas Johnson | $10,000,000,000 |
| Richard L. Wesenberg | $10,000,000,000 |

COMPLAINT ATTACHMENT FOR DONAHUE v. OREGON STATE BAR et al.

| Jodee Jackson | $5,000,000,000 |
| Tina Kotek | $15,000,000,000 |
| Cameron Miles | $10,000,000,000 |
| Andrew Johnson | $5,000,000,000 |
| Steve H. Hoddle | $10,000,000,000 |
| Darren J. Hoschouer | $5,000,000,000 |
| Kevin Taggart | $5,000,000,000 |
| Myrtle Creek Police Department | $10,000,000,000 |
| Douglas County Sheriff's Department | $10,000,000,000 |
| Ann L. Aiken | $15,000,000,000 |
| Kash Patel | $15,000,000,000 |
| FBI | $20,000,000,000 |
| William McLaren | $10,000,000,000 |
| State of Oregon | $50,000,000,000 |
| Douglas County | $30,000,000,000 |

## E. Equitable Relief

Plaintiff requests:
- A declaratory judgment that Defendants violated Plaintiff's First, Fifth, and Fourteenth Amendment rights;
- An order requiring the OSB to vacate its dismissal and publicly retract Kruschke's June 23, 2025 letter;
- An order expunging the coerced guilty plea from Plaintiff's record;
- An order declaring the August 6, 2025 arrest and subsequent 82-day detention void ab initio;
- An order enjoining all Defendants from further retaliation;
- An order requiring the FBI and DOJ to investigate the enterprise.

## V. PREEMPTION OF DEFENSES

To avoid any motion to dismiss, Plaintiff states the following:

A. Section 230 of the Communications Decency Act does not apply because this complaint does not arise from any third-party content. It arises from Defendants' own acts.

B. Judicial immunity does not bar claims against Judge Aiken because she acted in the clear absence of jurisdiction (dismissing a case while Plaintiff was in jail for suing the same defendants) and in furtherance of a conspiracy. Dennis v. Sparks, 449 U.S. 24 (1980).

COMPLAINT ATTACHMENT FOR DONAHUE v. OREGON STATE BAR et al.

**Donahue v. Oregon State Bar et al. Case no: TBD**

C. Prosecutorial immunity does not bar claims against Wesenberg, T. Johnson, or Jackson because they fabricated evidence and withheld exculpatory evidence – acts for which there is no immunity. Buckley v. Fitzsimmons, 509 U.S. 259 (1993).

D. Qualified immunity does not bar claims against any Defendant because the constitutional rights violated were clearly established: the right to be free from false arrest, the right to counsel, the right to access the courts, and the right to be free from retaliation for petitioning the government.

E. The RICO claims are timely under the discovery rule because Plaintiff did not discover the full scope of the conspiracy until December 2025 (OMB referral) and continuing through May 2026 (Google AI Overviews). Rotella v. Wood, 528 U.S. 549 (2000).

VI. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support; and (4) the complaint otherwise complies with Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff: _____
Printed Name: Bleu Blaze Donahue
Address: 834 Monroe Street, Eugene, OR 97402
Telephone: 541-321-5786
Email: donahuebleu47@gmail.com

COMPLAINT ATTACHMENT FOR DONAHUE v. OREGON STATE BAR et al.